UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21835-Civ-SCOLA/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORMA ISABEL BORGONO,
a/k/a Norma Isabel Borgono Bedoya,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on the United States of America's ("Plaintiff" or the "Government") motion to strike Norma Isabel Borgono's ("Defendant" or "Ms. Borgono") jury demand and laches defense. [D.E. 40]. Defendant responded to Plaintiff's motion on June 3, 2019 [D.E. 43] to which Plaintiff replied on June 10, 2019. [D.E. 44]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **GRANTED**.

# I. ANALYSIS

This is a denaturalization case pursuant to 8 U.S.C. § 1451(a)[1] in which Plaintiff seeks an order revoking the admission of Defendant's U.S. citizenship and the cancellation of her certificate of naturalization. Plaintiff seeks to strike (1) Defendant's jury trial demand, and (2) laches defense. Defendant opposes the relief sought because the Government has failed to meet its burden for a motion to strike nor has Plaintiff presented a compelling reason for the Court to rule on this issue at this early stage of the case. Instead, Defendant contends that Plaintiff's arguments should be adjudicated on a motion for summary judgment, as opposed to a motion to strike, so that each party has an opportunity to develop the record and complete discovery. We will discuss the arguments presented in turn.

## A. *Whether Defendant's Jury Demand Should be Stricken*

Plaintiff's initial argument is that Defendant does not have a right to a jury trial. "[T]he right to a jury trial in the federal court is to be determined as a matter of federal law." *Phillips v. Kaplus,* 764 F.2d 807, 812 (11th Cir. 1985). Rule 38 provides for a jury trial only where the right is "declared by the Seventh Amendment to the Constitution" or "provided by a federal statute." Fed. R. Civ. P. 38(a). Rule 39(a) clarifies that, when a jury trial is demanded, the action must be tried by a jury on all issues so demanded "unless . . . the court, on motion or on its

---

[1] The statute provides for the revocation or setting aside of a citizen's naturalization where "the order and certificate of naturalization" were "illegally procured or [were] procured by concealment of a material fact or by willful misrepresentation." *Id.*

2

own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Determining whether a right to a jury trial exists turns on whether the claims are historically cognizable at law or considered equitable. *See Phillips*, 764 F.2d at 813. "For those claims which traditionally were cognizable at law, the right to a jury is generally preserved; for those claims which historically were considered equitable, no jury trial is mandated." *Id.* In other words, "the right to a jury trial does not extend to cases in which only equitable rights are at stake." *Waldrop v. Southern Co. Servs.*, 24 F.3d 152, 156 (11th Cir. 1994) (citation omitted).

Plaintiff claims that Defendant does not have the right to a jury trial for at least two important reasons.[2] First, Plaintiff contends that there is no federal statute that provides for a jury trial in the context of a denaturalization proceeding. *See, e.g.*, 8 U.S.C. 1451. Second, Plaintiff asserts that the Seventh Amendment is inapplicable because it only confers a jury trial on claims that are historically cognizable at law. *See Waldrop*, 24 F.3d at 156 ("[T]he right to a jury trial does not extend to cases in which only equitable rights are at stake.") (citing *Curtis v. Loether*, 415 U.S. 189, 197 (1974)). Because the Supreme Court has repeatedly held

---

[2] Alternatively, Plaintiff suggests that Defendant's jury trial demand fails for an entirely separate reason because the amount in question does not exceed twenty dollars as alleged in the complaint. *See* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."). This means that, in addition to Supreme Court precedent holding that a denaturalization proceeding is not an action at law for Seventh Amendment purposes, Plaintiff argues that this case fails to meet the constitutionally required amount in controversy for a jury trial.

that a denaturalization proceeding is a suit in equity, Plaintiff insists that Defendant has no right to a jury trial under the Seventh Amendment. *See Fedorenko v. United States*, 449 U.S. 490, 516 (1981) ("[T]his Court has held that a denaturalization action is a suit in equity.") (citing *Knauer v. United States*, 328 U.S. 654, 671 (1946); *Luria v. United States*, 231 U.S. 9, 27 (1913)). Accordingly, Plaintiff concludes that its motion to strike Defendant's jury demand must be granted.

Defendant's response is that Plaintiff's motion lacks merit because, while the Government focuses heavily on the right to a jury trial pursuant to the Seventh Amendment[3], Plaintiff ignores Defendant's right to a jury trial under the Fifth and Sixth Amendments. Defendant argues that the Fifth Amendment guarantees that no one will be deprived without "due process of law," and that the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." *United States v. Gaudin*, 515 U.S. 506, 510 (1995).[4]

---

[3] Defendant concedes that the Seventh Amendment does not provide a right to a jury trial in a denaturalization case. [D.E. 43] ("Although the Supreme Court has concluded that a jury trial is not required by the Seventh Amendment, because denaturalization is not a 'suit at common law, there are obvious distinctions present here.") (internal citations omitted).

[4] Defendant suggests that the Supreme Court in *Gaudin* opened the door to the right to a jury trial in a denaturalization proceeding and that the Court either overruled or distinguished its prior precedent on this issue.

To further bolster her position, Defendant provides a history of Supreme Court precedent dating back to 1943 where the Court purportedly recognized that denaturalization claims are not equitable matters because they risk stripping a defendant of substantial rights. *See Schneiderman v. United States*, 320 U.S. 118, 160 (1943). Defendant then claims that the Supreme Court has described civil denaturalization proceedings as penal in nature and that the Government cannot take away an individual's citizenship without the procedural safeguards of the Fifth and Sixth Amendments. *See Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 165–66 (1963) ("Congress has plainly employed the sanction of deprivation of nationality as a punishment—for the offense of leaving or remaining outside the country to evade military service—without affording the procedural safeguards guaranteed by the Fifth and Sixth Amendments.").

Finally, Defendant argues that the Eleventh Circuit implicitly acknowledged the availability of a jury trial in a recent denaturalization case.[5] Defendant contends that in *United States v. Dor*, the Eleventh Circuit affirmed a district court's decision to grant summary judgment in favor of the government because "the district court properly resolved [the] case on summary judgment without a jury trial." 729 F. App'x 793, 799 (11th Cir. 2018) (citing *United States v. Jean-Baptiste*, 395 F.3d 1190, 1196 (11th Cir. 2005)). Defendant believes if that a jury trial was

---

[5] Defendant also relies on recent public statements by the Department of Justice and a recent Supreme Court decision in *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017). Defendant failed, however, to present these arguments with much clarity.

barred as a matter of law in a civil denaturalization proceeding, the Eleventh Circuit would have made that clear. Because the Eleventh Circuit failed to do so, Defendant concludes that, while there may not be a case directly on point with respect to the question presented, recent case law suggests that a jury trial may be provided under the Fifth and Sixth Amendments.

Plaintiff's motion is well taken because we cannot find a single case that supports Defendant's view that a jury trial is allowed in a denaturalization proceeding. The most analogous case that Defendant relies on is the decision in *Dor*. Defendant argues that *Dor* supports the right to a jury trial because if a jury was always barred in a civil denaturalization proceeding, the Eleventh Circuit would have clarified that point in its decision. Defendant's contention is misplaced, however, because the Eleventh Circuit merely stated that "the district court properly resolved this case on summary judgment without a jury trial." *Dor*, 729 F. App'x at 799 (citation omitted). Defendant assumes that if a jury trial was always barred in a denaturalization proceeding then the Eleventh Circuit would have made that point clear. But, we do not interpret *Dor* so broadly nor do we engage in guesswork with respect to unsupported inferences.

With that being said, this is not the first time that a defendant has argued that he or she is entitled to certain due process protections, including the right to a jury trial, pursuant to the Fifth and Sixth Amendment. Defendant suggests the Supreme Court in *Gaudin* hinted that a defendant may be entitled to a jury trial in

6

a denaturalization proceeding. But, Defendant fails to direct the Court to anything in that decision where the Supreme Court made that suggestion. The holding in *Gaudin* was that a *criminal* defendant has a right to a jury trial because the Government must prove beyond a reasonable doubt every element of a crime with which a defendant is charged.

Yet, a denaturalization case constitutes a civil proceeding and every court that has considered this question has repeatedly held that "denaturalization is civil and equitable in nature," so that "due process [is] satisfied by a fair trial before an impartial decisionmaker." *United States v. Kairys*, 782 F.2d 1374, 1384 (7th Cir. 1986) (citing *United States v. Schellong*, 717 F.2d 329, 336 (7th Cir. 1983)); *see also Fedorenko*, 449 U.S. at 516 ("[A] denaturalization action is a suit in equity") (citations omitted).

Not to be deterred, Defendant insists that *Gaudin* overturned prior Supreme Court precedent. Defendant's contention is weak, however, because after *Gaudin* appellate courts have reaffirmed the longstanding principle that that there is no right to a jury trial in a denaturalization proceeding. *See, e.g., United States v. Arango*, 686 F. App'x 489, 490 (9th Cir. 2017) ("As the Supreme Court has made clear, denaturalization actions, which in nature are civil, not criminal, 'assuredly [do] not involve an adjudication to which the Sixth Amendment right to jury trial attaches.'") (quoting *Gaudin*, 515 U.S. 506 at 522)); *United States v. Firishchak*, 468 F.3d 1015, 1026 (7th Cir. 2006) ("Because denaturalization proceedings are

7

considered equitable rather than criminal, defendants in those proceedings are entitled to neither a jury trial nor a substitution of judge."). Given the overwhelming precedent holding that a defendant is not entitled to a jury trial, Plaintiff's motion to strike must be **GRANTED**.

### B. *<u>Whether Ms. Borgono's Laches Defense Should be Stricken</u>*

Plaintiff's second argument is that the Court should strike Ms. Borgono's laches defense. Plaintiff claims that the Court rejected this defense on April 19, 2019 and should do so again because laches cannot apply in a denaturalization proceeding. Plaintiff contends, for example, that when the Court denied Defendant's motion to dismiss, the Court held that "[l]aches does not apply in this case," and that this holding should stand pursuant to the law of the case doctrine. [D.E. 35 at 5]. As such, Plaintiff concludes that the laches defense must be stricken. *See, e.g., United States v. Arango*, 686 F. App'x 489, 491 (9th Cir. 2017) (Wallace, J., concurring) ("[I]n the immigration arena, people who have procured citizenship by way of fraud should not be allowed to escape denaturalization via the laches trap door.").

Defendant argues, on the other hand, that the Court should deny the motion to strike because Plaintiff has stonewalled Defendant's discovery efforts and refused to produce any documents. Defendant's response is misplaced, however, because it never confronts the issue presented nor does Defendant rely on any relevant legal authority to suggest that a laches defense is applicable against the Government.

8

Putting aside that shortfall, a laches defense "cannot be asserted against the United States in its sovereign capacity to enforce a public right or to protect the public interest." *United States v. Arrow Transp. Co.*, 658 F.2d 392, 394 (5th Cir. 1981). And it is well settled that "[when] the United States acts to grant or take away the right of citizenship, it quintessentially acts in its sovereign capacity." *United States v. Mandycz*, 447 F.3d 951, 964 (6th Cir. 2006). Accordingly, a laches defense cannot apply as a matter of law in an action to revoke Defendant's naturalization and therefore Plaintiff's motion to strike is **GRANTED**.[6] *See, e.g.*, *United States v. Gkanios*, 2012 WL 5986625, at *3 (S.D. Fla. Nov. 29, 2012), *aff'd*, 536 F. App'x 854 (11th Cir. 2013) ("[L]aches does not bar this action by the Government to revoke Gkanios's naturalization.") (citing *Mandycz*, 447 F.3d 951 at 964).

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike Defendant's jury trial demand and laches defense is **GRANTED**. [D.E. 40].

---

[6] Based on the undersigned's review of the relevant case law, we have not found a single appellate court that has allowed a defendant to pursue a laches defense in a denaturalization proceeding. *See, e.g.*, *Weiszmann v. Dist. Eng'r, U. S. Army Corps of Engineers*, 526 F.2d 1302, 1305 (5th Cir. 1976) ("[T]he government is not subject to the defense of laches in enforcing its rights.") (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *Costello v. United States*, 365 U.S. 265, 281 (1961)); *see also Chevron, U.S.A., Inc. v. United States,* 705 F.2d 1487, 1491 (9th Cir. 1983) ("The government is not bound by . . . laches in enforcing its rights."); *United States v. St. John's General Hosp.*, 875 F.2d 1064, 1071 (3d Cir. 1989) ("It is well established that the United States is not subject to the defense of laches in enforcing its rights.").

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of June, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge